## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

JOHN WEST SICKELS,

      Petitioner,

vs.

DAN CRAIG,

      Respondent.

No. C15-4080-LTS

**ORDER**

    This case is before me on a Report and Recommendation (R&R) filed by the Honorable C.J. Williams, Chief United States Magistrate Judge, on February 24, 2017. Doc. No. 24. Judge Williams recommends that I deny the application for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) filed by John West Sickels (petitioner) on September 18, 2015. Petitioner filed timely objections (Doc. No. 25) to the R&R on March 10, 2017. In addition, petitioner filed a motion for a certificate of appealability (Doc. No. 26) on March 13, 2017.

## I.  RELEVANT PROCEDURAL HISTORY

    The R&R includes a detailed recitation of the relevant facts and procedural history. Doc. No. 24 at 1-10. To summarize, a jury found petitioner guilty of sexual abuse in the second degree, with the victim being L.S. On direct appeal, petitioner argued that insufficient evidence supported the jury's determination, the prosecutor's rebuttal argument deprived him of a fair trial, the Iowa District Court improperly excluded evidence, the prosecutor improperly cross-examined his character witnesses and the Iowa District Court improperly awarded restitution. The Iowa Court of Appeals affirmed petitioner's conviction. *See State v. Sickels*, No. 09-0897, 2010 Iowa App. LEXIS 1427, 2010 WL 4792316 (Iowa Ct. App. Nov. 24, 2010).

Petitioner then sought post-conviction relief (PCR) in the Iowa District Court. He argued that his trial counsel provided ineffective assistance because he: (1) failed to move for a separate trial from his co-defendant, (2) failed to investigate and argue the role of L.S.'s boyfriend, including his influence on L.S., (3) failed to object to the use of a prior bad act to impeach his character witnesses and (4) failed to argue properly that he should be allowed to present evidence of L.S.'s past sexual behavior. The Iowa District Court rejected all of these arguments. The Iowa Court of Appeals affirmed. *See Sickels v. State*, No. 13-1848, 2015 Iowa App. LEXIS 279, 2015 WL 1331312 (Iowa Ct. App. Mar. 25, 2015).

Petitioner then sought federal habeas corpus relief. He asserts the same four ineffective assistance of counsel claims that he asserted in the state PCR proceedings. Doc. No. 17. Respondent contends that the Iowa courts properly applied federal law when rejecting the petitioner's claims. Doc. No. 18. After the parties completed their briefing, Judge Williams filed the R&R. The petitioner now objects to all of Judge Williams' legal conclusions.

## II. STANDARD FOR REVIEWING A REPORT AND RECOMMENDATION

The standard of review with regard to a magistrate judge R&R is established by statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)©; *see also* Fed. R. Civ. P. 72(b)(2)-(3) (providing procedure to file written objections and making clear that, where a proper objection is made, the district judge must determine de novo a magistrate judge's recommendation on a dispositive motion). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of the issue.

Any portions of a R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed, "[the district judge] would only have to review the findings of the magistrate judge for clear error"). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review a R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III.   APPLICABLE LEGAL STANDARDS

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) strictly limits a federal court's power to review habeas corpus petitions brought by state-court prisoners. *See White v. Kelley*, 824 F.3d 753, 756 (8th Cir. 2016) ("'In the interests of finality and federalism, federal habeas courts are constrained . . . to exercise only a limited and deferential review of underlying state court decisions.'" (quoting *Sera v. Norris*, 400

F.3d 538, 542 (8th Cir. 2005))); *Abernathy v. Hobbs*, 748 F.3d 813, 816 (8th Cir. 2014) ("AEDPA modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas retrials and to ensure state-court convictions are given effect to the extent possible under law."); *Taylor v. Roper*, 561 F.3d 859, 862 (8th Cir. 2009) (explaining that only a limited and deferential review of underlying state court decisions is permitted when habeas corpus relief is sought); *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (noting review is limited and deferential). The AEDPA prohibits the grant of habeas corpus relief unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

When considering § 2254(d) matters, the court is guided by well-established principles: (1) "an *unreasonable* application of federal law is different from an incorrect application of federal law," *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)) (emphasis in original), *see also Williams*, 529 U.S. at 411 (emphasizing that a court "may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly," rather the application "must also be unreasonable"), *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."), *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010) (making clear that relief is available only if the state court decision is both incorrect and unreasonable); (2) "even a strong case for relief does not mean the state court's contrary conclusion was

unreasonable," *Harrington*, 562 U.S. at 102; (3) the purpose of § 2254(d) is to "'guard against extreme malfunction in the state criminal justice systems,'" *id*. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)); and (4) the burden is on the petitioner to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *id*. at 103. *Accord Moeller v. Weber*, 649 F.3d 839, 843-44 (8th Cir. 2011). In addition, a "court is bound by the facts as found by the state courts, absent clear and convincing evidence those findings were incorrect." *White*, 824 F.3d at 757 (citing *Buchheit v. Norris*, 459 F.3d 849, 852 (8th Cir. 2006)); *accord Forrest v. Steele*, 764 F.3d 848, 854 (8th Cir. 2014).

The Sixth Amendment to the United States Constitution provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const. amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Douglas v. California*, 372 U.S. 353, 357-58 (1963). An ineffective assistance of counsel claim has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Williams*, 529 U.S. at 390 (reasserting the *Strickland* standard). Although *Strickland* requires a showing of both deficient performance and prejudice, "a court deciding an ineffective assistance claim [need not] . . . address both components of the inquiry if the defendant makes an

insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the [petitioner] cannot prove prejudice.").

To establish unreasonably deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *See id.*; *see also Strong v. Roper*, 737 F.3d 506, 517 (8th Cir. 2013) (explaining that judicial scrutiny of counsel's performance is highly deferential); *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) ("We operate on the 'strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (stating that courts must afford counsel broad latitude to make strategic and tactical choices). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693; *see also Harrington*, 562 U.S. at 111 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently."). Rather, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in

6

the outcome." *Strickland*, 466 U.S. at 694; *see also Harrington*, 562 U.S. at 112 ("The likelihood of a different result must be substantial, not just conceivable."). In other words, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id.*

In the context of deciding whether relief is available under 28 U.S.C. § 2254, the Supreme Court has set forth a "doubly" deferential standard for ineffective assistance claims. *Harrington*, 562 U.S. at 105 ("The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (citations omitted)); *see also Forrest*, 764 F.3d at 853 (observing that, when review is governed by § 2254(d) and *Strickland*, highly deferential review is given to the state court decision and the state court, in turn, is highly deferential to the judgments of trial counsel). "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Harrington*, 562 U.S. at 105. And, it is inappropriate to look "'to the quality of the reasoning process articulated by the state court'" or "the statement of reasons explaining the state court's decision," which "would 'place the federal court in just the kind of tutelary relation to the state courts that [AEDPA was] designed to end.'" *Williams v. Roper*, 695 F.3d 825, 834-35 (8th Cir. 2012) (quoting *Hennon v. Cooper*, 109 F.3d 330, 334-35 (7th Cir. 1997)). Accordingly, the issue the court must decide "is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105; *see also Forrest*, 764 F.3d at 854 ("In judging the state court's conclusions we must also remember that '[t]he *Strickland* standard is a general one, so the range of reasonable applications is substantial.'" (quoting *Harrington*, 562 U.S. at 104)).

## IV. DISCUSSION

Having conducted a de novo review of the record, which includes but is not limited to the application for a writ of habeas corpus (Doc. No. 1), respondent's answer (Doc. No. 6), the relevant state court documents (Doc. No. 7), petitioner's brief (Doc. No. 17), respondent's brief (Doc. No. 18), petitioner's reply brief (Doc. No. 22), the R&R (Doc. No. 24) and the objections (Doc. No. 25), I find that there is no basis to grant relief under 28 U.S.C. § 2254(d). The R&R contains a very thorough and cogent analysis of the facts and applicable law. Judge Williams' recommended disposition of the application for a writ of habeas corpus is fully supported by the factual record and controlling legal authorities. Thus, I will adopt the R&R without modification.

Petitioner's objections "all but ignore 'the only question that matters under § 2254(d)(1)'" which is "whether it is possible fairminded jurists could disagree that . . . arguments or theories [that support or could have supported the state court's decision] are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington*, 562 U.S. at 102 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)). The question that must be answered is not whether "'the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher standard.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro*, 550 U.S. at 473).

There is no dispute that the Iowa courts rejected all of petitioner's ineffective assistance of counsel claim on the merits, and, therefore, the AEDPA's limited review applies. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (explaining that the standard for evaluating state-court rulings demands that state-court decisions be given the benefit of the doubt); *Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) (en banc) (noting that the language of § 2254(d) plainly limits the applicability of AEDPA's deferential standard to claims that have been "adjudicated on the merits" in state court). The Iowa courts correctly identified and applied clearly established federal law: *Strickland* and its two

requirements. The Iowa courts did not unreasonably apply *Strickland* to the facts of petitioner's case, and they reasonably concluded that trial counsel satisfied *Strickland's* performance prong. As for the other prong, it is clear from the record that petitioner suffered no prejudice as a result of trial counsel's representation. Because it is clear that "fair-minded jurists could disagree" on the correctness of the Iowa courts' determination that petitioner's ineffective assistance of counsel claims lack merit, federal habeas corpus relief is precluded. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Additionally, the law supports neither (1) petitioner's assertion that the cumulative effect of trial counsel's errors gives rise to habeas corpus relief nor (2) petitioner's contention that a certificate of appealability should issue.

### 1.    *Severance of trials*

Before rejecting petitioner's claim that trial counsel unconstitutionally failed to conduct an inquiry into whether the co-defendant would be a poor witness and move for a separate trial from the co-defendant on that basis, the Iowa Court of Appeals made several findings: (1) petitioner knew that the co-defendant would not be a good witness but never expressed his concern about the co-defendant to trial counsel, (2) the poor performance of the co-defendant while testifying surprised trial counsel and the co-defendant's counsel and (3) petitioner's speculation about how the co-defendant's poor performance affected the outcome does not establish a constitutional violation. *See Sickels*, 2015 Iowa App. LEXIS 279 at *4-5. When concluding that petitioner failed to establish a reasonable probability that severing his trial from the co-defendant's trial would have changed the outcome, the Iowa Court of Appeals pointed out the existence of taped interviews that quite likely would have been admitted as a statement of a co-conspirator in furtherance of efforts to conceal a crime under Iowa's evidentiary rules. *Id*. at *5-6. With respect to trial counsel's performance, the court emphasized the following:

> Trial counsel had weighed the pros and cons of a joint trial. He correctly believed [the co-defendant] would testify and most of what he said would be helpful to [the petitioner]. He knew [the co-defendant] was the only one who could corroborate [the petitioner's] portrayal of an intoxicated and flirtatious L.S., who allegedly flashed the two officers that evening after they were the only remaining customers at the club. [Trial counsel] had the impression that [the petitioner] believed [the co-defendant's] testimony would be helpful and wanted a joint trial. [Trial counsel] also desired to keep the two parties together because of the fear that [the co-defendant] would work a deal with the prosecutor and testify against [the petitioner]. [Trial counsel's] selection of a strategy cannot be considered ineffective assistance simply because it proved unsuccessful. *See Strickland*[, 466 U.S. at 689].

*Sickels*, 2015 Iowa App. LEXIS 279 at *7.

Petitioner does not assert that the Iowa courts unreasonably determined the facts in light of the evidence presented during the PCR proceedings. Consequently, the Iowa courts' findings are presumed correct under 28 U.S.C. § 2254(e). Petitioner argues that the Iowa courts' application of *Strickland* was unreasonable because, in applying the presumptively-correct facts, the Iowa courts overlooked trial counsel's duty to investigate. Petitioner is mistaken. The Iowa courts did not unreasonably apply federal law as determined by the United States Supreme Court in deciding, based upon the factual record, that trial counsel provided representation that comports with constitutional requirements.

The entire record must be examined when determining what information trial counsel had and whether trial counsel acted reasonably in light of such information. *See Velez v. Clarinda Corr. Facility*, 791 F.3d 831, 836 (8th Cir. 2015). Clearly, the Iowa courts did so. It is undisputed that trial counsel knew that the co-defendant participated in recorded interviews where he made conflicting and detrimental statements. It is also undisputed that neither petitioner's trial counsel nor the co-defendant's trial counsel believed the co-defendant would be a poor witness. Based on the investigation conducted by trial counsel, and his understanding that petitioner and the co-defendant would be

pursuing a general denial defense and testifying during trial, it is evident that trial counsel reasonably believed the co-defendant's testimony would support petitioner's defense. Trial counsel clearly understood the constitutional right of confrontation as set forth in *Bruton v. United States*, 391 U.S. 123 (1968), and determined it would be best to have the co-defendant testify in support of petitioner's general denial defense. In light of the record, it cannot be said that trial counsel conducted an inadequate investigation. *See Rompilla v. Beard*, 545 U.S. 374, 383 (2005) ("[T]he duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste."); *United States v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011) (explaining that counsel has a duty to investigate the law and the facts that are relevant to plausible options).

Petitioner takes issue with the Iowa courts' determination under Iowa law that the taped interviews of the co-defendant would be admitted even if the petitioner had been tried separately. However, the AEDPA requires the court to determine whether the decision "was contrary to, or involved an unreasonable application of, clearly established *Federal law, as determined by the Supreme Court of the United States*." 28 U.S.C. § 2254(d)(1) (emphasis added); *see also Evenstad v. Carlson*, 470 F.3d 777, 783 (8th Cir. 2006) (holding that § 2254(d)(1) requires the petitioner "to point to the [United States] Supreme Court precedent he thinks the Minnesota state courts acted contrary to or applied unreasonably" and that "it is not enough for [the petitioner] to argue that Minnesota state courts misapplied state law"). Any argument that the Iowa courts misapplied Iowa evidentiary law cannot be reexamined. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Rousan v. Roper*, 436 F.3d 951, 958 (8th Cir. 2006) ("'Questions regarding admissibility of evidence are matters of state law, and they are reviewed in federal habeas inquiries only to determine whether an alleged error infringes

upon a specific constitutional protection or is so prejudicial as to be a denial of due process.'" (quoting *Logan v. Lockhart*, 994 F.2d 1324, 1330 (8th Cir. 1993); *Hollins v. Dep't of Corr.*, 969 F.2d 606, 609 (8th Cir. 1992) ("Questions concerning the admissibility of evidence are not cognizable in federal habeas proceedings 'unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process.'" (quoting *Urquhart v. Lockhart*, 726 F.2d 1316, 1318 (8th Cir. 1984))). Therefore, it is permissible to assume without deciding that the Iowa courts correctly applied Iowa evidentiary law.

Moreover, there is no basis to conclude that a joint trial deprived petitioner of his constitutional right to confront and cross-examine the co-defendant because he testified during trial. *See generally Bruton*, 391 U.S. at 123. It is evident that trial counsel favored a joint trial because the defenses of petitioner and the co-defendant were not mutually antagonistic. *See Hood v. Helling*, 141 F.3d 892, 896 (8th Cir. 1998) ("Mutually antagonistic defenses are those which force the jury to disbelieve the core of one defense in order to believe the core of the other."); *cf. Christian v. Dingle*, 577 F.3d 907, 910-12 (8th Cir. 2009) (determining that petitioner's joinder with his codefendants and the state trial court's decision not to sever his trial did not constitute an unreasonable application of clearly established federal law as determined by the Supreme Court in *Zafiro v. United States*, 506 U.S. 534 (1993), because the facts in each case determine whether a joint trial results in prejudice to a defendant and any remedy is left to the sound discretion of the court); *Hollins*, 969 F.2d at 608-09 (stating that habeas corpus relief is not available unless the failure to grant severance rendered the trial fundamentally unfair). Although petitioner now contends that he should have been tried separately, his defense at the time of trial was that he and L.S. engaged in consensual sexual activity and the co-defendant's defense was that he neither aided nor abetted petitioner because L.S. engaged in consensual sexual activity. Petitioner and the co-defendant presented evidence, which included their testimony, that tended to show that petitioner and L.S. engaged in consensual sexual

activity. Given petitioner's theory of defense and the co-defendant's corroborating testimony, it cannot be said that trial counsel pursued an unreasonable defense strategy.

Petitioner's ineffective assistance of counsel claim is based on the possibility that the co-defendant might not have chosen to testify during a joint trial. But, when asserting such possibility, petitioner ignores the requirement under *Strickland* that the challenged conduct be viewed as of the time of trial counsel's conduct and the events that actually occurred prior to and during his trial. He also ignores the nature of admissible evidence and the possibility that the co-defendant would have testified against petitioner if separate trials were conducted. Indeed, the Iowa courts observed that trial counsel's representation met constitutional requirements because, under Iowa law, the co-defendant's prior taped statements would have been admissible as statements of a co-conspirator in furtherance of efforts to conceal the crime. Moreover, trial counsel's fear about the co-defendant offering damning evidence as a cooperating witness is entitled to deference. Given the reasonableness of the theory of defense pursued in light of the facts and the law, the Iowa court's adjudication of petitioner's ineffective assistance of counsel claim was neither an unreasonable application of, nor contrary to, *Strickland*.

Ultimately, the Iowa courts held that petitioner's trial counsel did not provide ineffective assistance under the standard set forth in *Strickland* because trial counsel presented credible evidence during the PCR proceedings that his decision not to seek a severance was a tactical decision supported by reasonable professional judgment. Trial counsel understood that petitioner, as a principal, and the co-defendant, as an aider and abettor, were maintaining that petitioner's sexual contact with L.S. was consensual. Trial counsel reasoned that if the jury found petitioner and the co-defendant to be credible, it would acquit both of them. It is also apparent that trial counsel thought it would be unwise if the co-defendant cooperated with the prosecutor and testified against petitioner.

Petitioner does not dispute that trial counsel considered the relative benefits of seeking a separate trial and determined that it would be better if the co-defendant

participated in a joint trial. This is fatal to his ineffective assistance of counsel claim because it is inappropriate to second-guess trial counsel's strategic decisions. *See Flowers v. Norris*, 585 F.3d 413, 417-18 (8th Cir. 2009) (finding that the Arkansas Supreme Court reasonably applied *Strickland* when it determined that counsel's decision not to seek a severance was a strategic decision and that, as a result, the petitioner did not satisfy the requirements of § 2254(d)(1)); *see also Abernathy*, 748 F.3d at 816 (recognizing that, under *Strickland*, the court must "'refrain[] from . . . second-guessing of trial counsel's strategic decisions'" (quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995))); *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004) (holding that "strategic and tactical decisions made by counsel, though they may appear unwise in hindsight, cannot serve as the basis for an ineffective-assistance claim under *Strickland*"); *Henderson v. Norris*, 118 F.3d 1283, 1287 (8th Cir. 1997) ("We presume attorneys provide effective assistance and will not second-guess strategic decisions or exploit the benefits of hindsight."); *Sanders*, 875 F.2d at 209-10 (explaining that broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity).

Further, after examining the evidence presented at trial and the evidence sought to be excluded during trial, the Iowa courts concluded that substantial evidence supported the jury's finding of guilt. Given the strength of the evidence against petitioner, the Iowa courts did not err in denying relief on the basis that petitioner did not suffer prejudice due to the allegedly ineffective assistance of trial counsel. *See Kennedy v. Kemna*, 666 F.3d 472, 484-85 (8th Cir. 2012).

## 2. *Presentation of defense*

The Iowa Court of Appeals summarized the defense in the following manner:

> Trial counsel's defense effort was primarily based on the
> assertion that L.S., in an intoxicated condition, had consented
> to sexual intercourse but because of her fear of losing her job,

> and more importantly, the anticipated reaction of her abusive
> live-in boyfriend, she ultimately decided she would deny she
> had consented to the act.

*Sickels*, 2015 Iowa App. LEXIS 279 at *7-8. The Iowa Court of Appeals also summarized petitioner's contentions regarding the defense that trial counsel should have presented: (1) trial counsel should have done more and pursued his defense more vigorously and in greater detail, that is, done more to establish L.S.'s alcohol problem and her boyfriend's violent tendencies and (2) trial counsel should have specifically argued that L.S.'s boyfriend entered the club after closing, discovered evidence L.S. had been unfaithful, got into a fight with L.S., drank alcohol and then left the club with L.S. *Id.* at *8. With respect to the former contention, the Iowa Court of Appeals determined that trial counsel conducted a complete and reasonable investigation when he hired an investigator and took extensive depositions and made offers of proof during trial to establish petitioner's defense. *Id.* Regarding the latter contention, the Iowa Court of Appeals pointed out that the evidence did not show that L.S.'s boyfriend entered the club on the night of the offense and the evidence did show that L.S.'s boyfriend became aware of what happened approximately one week after the offense. *Id.* at *8-9. It also determined that, because trial counsel's argument was forceful, exhaustive and directed the jury to the facts in the record that supported the defense's strategy, trial counsel provided competent representation. *Id.* at *9.

Petitioner does not rebut the Iowa Court of Appeals' determination that trial counsel conducted a complete and reasonable investigation in light of the defense's strategy. It is telling that petitioner completely ignores the fact that his assertions about the role L.S.'s boyfriend had on the evening of the offense do not address in any way the changing stories of petitioner and the co-defendant. Petitioner's factual theory of the case completely fails to provide an explanation for why he initially denied having any sexual contact with L.S. It is also hinged on the assumption that the co-defendant would continue to assert that

petitioner did not rape L.S. and the assumption that blaming the victim with little, if any, evidentiary support is a wise strategy.

Contrary to petitioner's assertion, trial counsel did not pursue an aimless defense. Rather, he pursued a defense that he could support with some evidence and that a reasonable jury might find credible. But, more importantly, petitioner misapplies the law, which is clear that it is inappropriate to second-guess trial counsel's strategic decision, *see Abernathy*, 748 F.3d at 816, and to take into account "'the quality of the reasoning process articulated by the state court'" or "the statement of reasons explaining the state court's decision," *Williams*, 695 F.3d at 834-35 (quoting *Hennon*, 109 F.3d at 334-35). Petitioner's complaints about trial counsel amount to hindsight disagreement over trial strategy and tactics, and, as such, they fall far short of the showing necessary to establish an ineffective assistance claim under *Strickland*. Hence, it is not difficult to conclude that there is a reasonable argument that trial counsel satisfied *Strickland's* deferential standard. *See Harrington*, 562 U.S. at 105. Petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(1) on this assertion of ineffective assistance of counsel.

### 3. *Admission of prior bad act evidence*

On direct appeal, the Iowa Court of Appeals reviewed whether the prosecutor improperly introduced evidence of past bad behavior after the Iowa District Court granted the defense's motion in limine. The court concluded that by introducing evidence of his good reputation for peacefulness and nonviolence through character witnesses, petitioner opened the door to the prosecutor's brief cross-examination regarding an earlier incident in which petitioner and the co-defendant behaved in a sexually inappropriate manner while drinking at a bar. *See Sickels*, 2010 Iowa App. LEXIS 1427 at *25-28; *see also State v. Martin*, 704 N.W.2d 665, 673 (Iowa 2005) (explaining that even if an evidentiary error occurred, such error is subject to harmless error review); *State v. Sallis*, 574 N.W.2d 15, 16 (Iowa 1998) (stating that the district court is afforded wide latitude regarding

admissibility of prejudicial evidence and its ruling will be disturbed only upon finding an abuse of discretion).

During appellate PCR proceedings, the Iowa Court of Appeals noted that the petitioner requested that two character witnesses be called to testify that he had a reputation for peacefulness and nonviolence and explained that Iowa's evidentiary rules therefore permitted the introduction of specific incidences of conduct on cross-examination. *See Sickels*, 2015 Iowa App. LEXIS 279 at *10-11. The court made it clear that any objection to the prosecutor's cross-examination would have been overruled, that trial counsel cannot be faulted for failing to raise a meritless objection and that trial counsel had no reason to object because he correctly believed the prior bad act would have no impact on the character witnesses' opinions of petitioner's traits of peacefulness and nonviolence. *Id*. at *11-12. In addition, the court pointed out that the Iowa District Court: (1) adhered to its prior ruling pursuant to trial counsel's motion in limine when it did not allow the prosecution to present a rebuttal witness to explain petitioner's prior bad act and (2) gave limiting instructions, including (a) one instructing that the statements, arguments, questions and comments propounded by the attorneys did not constitute evidence and could not be considered as such and (b) another instructing that the questions and answers about petitioner's prior bad act could only be used for the limited purpose of determining whether the character witnesses knew about the petitioner's reputation for peacefulness and could not be used as evidence that he committed the crime charged. *Id*. at *10-12.

It is inappropriate to reexamine state court determinations on state law questions concerning the admissibility of evidence unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process. *See Rousan*, 436 F.3d at 958. Because petitioner fails to cite authority supporting a reasonable assertion that a constitutional violation occurred as a result of the admission of the limited testimony at issue, is permissible to assume without deciding that the Iowa courts correctly applied Iowa evidentiary law. In light of the fact that the Iowa Court of Appeals' findings

regarding the admissibility of evidence are not objectionable, it necessarily follows (1) that trial counsel had no duty to object to the prosecutor's attempts to impeach petitioner's character witnesses and (2) that petitioner suffered no prejudice, especially in light of the fact that the character witnesses maintained their opinions and the jury was advised that it could consider the questions and answers about petitioner's prior bad act for a limited purpose. *Cf. Pfau v. Ault*, 409 F.3d 933, 939-41 (8th Cir. 2005) (appellate counsel did not provide ineffective assistance because (1) the trial court did not abuse its discretion in admitting limited evidence during trial, especially after the defense opened the door to the admission of the relevant evidence, (2) the trial court took great pains to ensure the questioning of a witness was brief and limited in scope and (3) the State heeded the trial court's caution by briefly discussing an association with a group solely to impeach the witness). Here, petitioner presented evidence of his reputation for peacefulness and nonviolence and there is a reasonable argument that trial counsel satisfied *Strickland's* deferential standard. *See Harrington*, 562 U.S. at 105. Petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(1) on this assertion of ineffective assistance of counsel.

### 4.  *Exclusion of evidence*

On direct appeal, the Iowa Court of Appeals concluded that the Iowa District Court did not abuse its discretion when it excluded testimony concerning L.S.'s actions several months prior to the sexual assault under Iowa's rape shield law. *See Sickels*, 2010 Iowa App. LEXIS 1427 at *23-25. Like petitioner's other claims of ineffective assistance of counsel, the Iowa Court of Appeals succinctly rejected petitioner's assertion of ineffective assistance of counsel concerning trial counsel's efforts to admit evidence of L.S.'s prior actions. *See Sickels*, 2015 Iowa App. LEXIS 279 at *12-15. Before doing do, it found that the petitioner had already litigated on direct appeal the Iowa District Court's exclusion of evidence under Iowa's rape shield law and concluded that even if the law did not

prevent petitioner from relitigating the evidentiary issue, petitioner's claim lacked merit because the victim never made a false claim. *Id.*

Petitioner is not able to call into question the determination on direct appeal that no abuse of discretion occurred when the Iowa District Court granted the prosecutor's motion to exclude evidence under Iowa's rape shield law and reaffirmed its ruling after trial counsel made an offer of proof during trial. *See Lannert v. Jones*, 321 F.3d 747, 752-54 (8th Cir. 2003) (finding that petitioner could not constitutionalize exclusion of evidence under state law); *Davidson v. Bowersox*, 288 F.3d 1076, 1078-79 (8th Cir. 2002) (explaining that because petitioner did not cite a single federal case indicating that the state court's decision to exclude evidence under state law amounted to a federal constitutional defect, petitioner failed to raise a question that could be addressed under § 2254(d)(1)). Here, it is evident that there is a reasonable argument that trial counsel satisfied *Strickland's* deferential standard. *See Harrington*, 562 U.S. at 105. Therefore, petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(1) on this assertion of ineffective assistance of counsel.

### 5.  *Ineffective assistance of counsel claims in the aggregate*

Petitioner failed to rebut the direct appeal finding that substantial evidence supported the jury's verdict. *See Sickels*, 2010 Iowa App. LEXIS 1427 at *13. A review of the record indicates that trial counsel made decisions based on a legitimate concern that the co-defendant would testify against petitioner if the trial court granted a request to sever the trials. A cooperating witness would have bolstered the State's case and would have undercut the defense being pursued. Neither petitioner's trial counsel nor the co-defendant's counsel anticipated that the co-defendant would make a poor witness or would be vulnerable under cross-examination. Further, even if the Iowa District Court did erroneously exclude evidence or admit evidence, the court's evidentiary rulings constitute harmless error beyond a reasonable doubt, which means petitioner suffered no prejudice

as a result of trial counsel's representation. It is clear that the defense faced an almost insurmountable challenge given the inconsistent statements that petitioner and the co-defendant provided to investigators. Thus, a reasonable probability that the outcome of the trial would have been different does not exist.

Petitioner contends that trial counsel's combined failures rendered his trial unfair. *Cf. Forrest*, 764 F.3d at 860 (noting that although the petitioner presented discrete failures of defense counsel and made no attempt to unite the failures under a common theory of ineffectiveness, the petitioner was now contending that the Missouri Supreme Court unreasonably applied clearly established federal law when it assessed claim-by-claim the reasonableness of defense counsel's performance). The law does not support the petitioner's contention. The *Strickland* standard does not demand a cumulative performance inquiry. *See id.* No Supreme Court decision "purport[s] to aggregate each discrete and potentially unrelated claim of ineffectiveness into a single performance inquiry." *Id.* at 861. Rather, "'[a] fair assessment of attorney performance requires that every effort be made . . . to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time'" of each decision. *Id.* (quoting *Strickland* 466 at 689). Here, the Iowa courts "reasonably applied *Strickland* by analyzing individually each of the [discrete ineffective assistance of counsel claims raised by the petitioner] and considering those circumstances appearing relevant to each claim." *Id.* Nonetheless, even if a cumulative error review is appropriate, relief is not justified because the sum of no prejudice at all from any of the alleged errors is no prejudice at all in the aggregate.

### 6. *Certificate of appealability*

Based on the foregoing, I find that petitioner has failed to make the requisite showing to obtain a certificate of appealability under 28 U.S.C. § 2253(c) with regard to any issue. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) ("Where a district court

has rejected the constitutional claims on the merits, the showing required to satisfy §
2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would
find the district court's assessment of the constitutional claims debatable or wrong."
(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).

## V.  CONCLUSION

After thoroughly reviewing the record, I find that petitioner's claims are without
merit.  Petitioner is not entitled to a writ of habeas corpus because the Iowa courts neither
reached a decision contrary to that reached by the United States Supreme Court on a
question of law nor correctly identified the applicable principles of federal law but then
unreasonably applied that law to the facts of petitioner's claims.  *See* 28 U.S.C. §
2254(d)(1).  Nor do I find that any decision by the Iowa courts was based on an
unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(2).  Consequently, the
claims petitioner has raised in the application for a writ of habeas corpus do not warrant
relief under 28 U.S.C. § 2254(d).  Finally, I conclude that there is no reason to grant a
certificate of appealability.  *See* 28 U.S.C. § 2253.

**IT IS HEREBY ORDERED:**

1.  Petitioner's objections (Doc. No. 25) are **OVERRULED**.

2.  Judge Williams' Report and Recommendation (Doc. No. 24) is **ADOPTED
    WITHOUT MODIFICATION**.

3.  Petitioner's application for a writ of habeas corpus (Doc. No. 1) is
    **DENIED**.

4.  Petitioner's motion for a certificate of appealability (Doc. No. 26) is
    **DENIED**, as petitioner failed to make the requisite "substantial showing"
    with respect to any of the claims raised in his application for a writ of habeas
    corpus.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).  If he desires

further review of his application for a writ of habeas corpus, petitioner may request the issuance of a certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

**DATED** this 17th day of April, 2017.

      _____
      LEONARD T. STRAND
      CHIEF UNITED STATES DISTRICT JUDGE